**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HELEN ROSARIO,

      Plaintiff,                            CASE NO.: _____

vs.

THE FIRST LIBERTY
INSURANCE CORPORATION,

      Defendant.

_____/

## **NOTICE OF REMOVAL**

Defendant, THE FIRST LIBERTY INSURANCE CORPORATION ("Liberty"), pursuant to 28 U.S.C. § 1441, *et seq*., removes this action from the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Orange County, to this Court.

## **I.    The State Court Case**

1.      Liberty insures the property located at 7703 Ravana Dr., Orlando, FL 32822-8031 ("Property"), under policy no. H3625806081570.

2.      This is an action arising out of a claim for purported breach of insurance contract in Case No. 2021-CA-003743 ("State Court Case"), for claim no. 042817788.

3.      Plaintiff reported water and mold damage to the Property.

4.      On April 26, 2023, Plaintiff sent a global settlement demand of $85,000.00 (One Eighty-Five Thousand Dollars and Zero Cents).

5.      This Notice of Removal is timely filed within thirty (30) days of the Plaintiff's settlement demand of $85,000.00 (One Eighty-Five Thousand Dollars and Zero Cents) pursuant to 28 U.S.C. §1446(b)(3) and ("other paper") and 28 U.S.C. 1446(c)(1).[1]  (**Exhibit A**.)

9.      This case is removed to the United States District Court for the Middle District of Florida, Orlando Division because the State Court action was brought in Orange County, Florida.  *See* 28 U.S.C. §§ 1441(a), 1446(a) and 1446(c)(1).

10.      In compliance with 28 U.S.C. § 1446(a), Liberty filed copies of all process, pleadings, and orders.  Those documents are attached.  (**Exhibit B**.)

## II.    Jurisdiction

11.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

12.      There is complete diversity of citizenship.

13.      Plaintiff is a citizen of Florida.

14.      Pursuant to 28 U.S.C. § 1332(c)(1), Liberty is a corporation organized under the laws of the state of Illinois with its principal place of

---

[1] ". . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

business in Boston, Massachusetts.  Therefore, Liberty is a citizen of Illinois and Massachusetts.

15.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

16.    In this lawsuit, Plaintiff alleges breach of contract.  In support of the claim, Plaintiff sent a settlement demand for $85,000.  (**Exhibit A**.)

17.    The complaint also alleges that Plaintiff is entitled to an award of attorneys' fees.  "When a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *DO Restaurants, Inc., d/b/a Café Maxx v. Aspen Specialty Ins. Co.*, 984 F.Supp.2d 1342, 1345 (S.D. Fla. 2016); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

18.    "In determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at a later point." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." Moreover, "'defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal,' including 'affidavits, declarations, or other documentation.'" *Id.*

3

19.    Therefore, this Court can consider a settlement demand to determine whether the amount in controversy is met. *See Deal v. Evangelical Lutheran Good Samaritan Soc'y*, 6:14-CV-7-ORL-28KRS, 2014 WL 12618704, at *2 (M.D. Fla. April 25, 2014) ("Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists. Some courts have found demand letters to be 'legally certain evidence' that the amount in controversy meets federal jurisdictional requirements.").

20.    Here, the settlement demand of **$85,000.00** (Eighty-Five Thousand Dollars and Zero cents), demonstrates that Liberty established the requisite amount in controversy exceeds the $75,000 threshold.  (Exhibit A.)

21.    The Court may consider the $85,000 settlement demand because Plaintiff acted in bad faith in order to prevent Liberty from removing the action within one year.  *See* 28 U.S.C. § 1446(c)(1); *Hill v. Allianz Life Ins. Co. of N.A.*, 51 F. Supp. 3d 1277, 1279 (M.D. Fla. Oct. 7, 2014); *Calkins v. USAA Cas. Ins. Co.*, 2:15-CV-454-FTM-29CM, 2016 WL 3360429, at *4 (M.D. Fla. May 10, 2016), report and recommendation adopted, 2:15-CV-454-FTM-29CM, 2016 WL 3348979 (M.D. Fla. June 16, 2016) (applying *Hill*, supra).

22.    From the outset, on May 21, 2021, Liberty requested a demand from the Plaintiff regarding the full amount of the damages sought in this case. (Exhibits C.)  Plaintiff failed to respond.

23.     On February 1, 2022—just before the one-year clock/deadline to remove to federal court expired,[2] Plaintiff deliberately avoided removal by demanding **$74,000**, which is just below the amount in controversy of $75,000 sufficient to gain jurisdiction.  (Exhibit D.)  This Court has interpreted such representations as a demonstration of bad faith as an "affirmative representation that federal jurisdiction did not exist." *Hill*, 51 F. Supp. 3d at 1282 (applying bad faith exception where plaintiff's allegation that the case is worth less than $75,000 is an "affirmative representation that federal jurisdiction did not exist" finding the allegation was designed to avoid removal).

24.     In addition to the settlement demand, Liberty also sought the total amount of the damages in discovery.  On July 29, 2022, Liberty propounded its First Set of Interrogatories.  (Exhibit E.)  Specifically, interrogatory #10(i) and interrogatory #10(j) expressly request that Ms. Rosario respond by providing: (i) "the total amount of money you are claiming in this lawsuit;" and "(j) the manner and method by which you determined these numbers." (Exhibit E.)

25.     Notably, Liberty's Interrogatory #10 complies with this Court's prior order in *Ginzo v. Liberty Mut. Fire Ins. Co.*, in which the Court directed the insured to respond.  *See* 618CV1012ORL41GJK, 2019 WL 421836, at *4 (M.D. Fla. Feb. 1, 2019) (directing as follows: "Plaintiff is ordered to answer the questions in Interrogatory 6 regarding . . . the total amount of money he is claiming, and the manner and method he used to determine the amount."); *see*

---

[2] Liberty was served on April 23, 2021.

*also* (Exhibit F) (Sept. 9, 2022 discovery order directing Ms. Rosario to respond to the interrogatories within "30 days").

26.    Despite the validity of Interrogatory #10 under *Ginzo*, the Plaintiff acted in bad faith by: **(a)** ignoring discovery order's deadline, **(b)** asserting baseless work product objections, and **(c)** deliberately undervaluing the total amount of damages to $74,000 before the one-year clock ran.

27.    Here, on **March 3, 2023,** Ms. Rosario responded by asserting untimely objections, on the basis that interrogatory #10 calls for a "legal conclusion," and that her answer is protected "attorney work product." (Exhibit G.)   Ms. Rosario's objection prevented Liberty from discovering the total amount in controversy, which is considered bad faith.   *See Schwartzben v. Natl. Fire & Marine Ins. Co.*, 22-20755-CIV, 2022 WL 4102799, at *5 (S.D. Fla. Sept. 8, 2022) (finding removal is proper under Section 1446(c): "[Defendant] did serve discovery on Plaintiff asking him directly how much he sought to recover. [Defendant] was not required to go looking for other sources to obtain the same information that Plaintiff ***was ordered*** to disclose.   In fact, [defendant] was under no affirmative duty to seek out evidence that would prove Plaintiff was undervaluing his claim before the one year period ran, . . . Plaintiff intentionally kept it from [defendant]") (emphasis added).   Here, the discovery ordered Plaintiff to respond. *See id.*

28.    Finally, now that the one-year deadline to remove has passed, on April 26, 2023 (just eight days ago), Plaintiff sent an increased demand from

**$74,000** to **$85,000** (Exhibit A.)  This type of gamesmanship or "bad faith" is specifically contemplated and proscribed by Section 1446(c)(1).  *See Hill*, 51 F. Supp. 3d at 1282 (denying motion for remand and finding bad faith where there was "no plausible reason for the sudden increase in damages aside from bad faith attempts to remain in State court.").  Accordingly, removal is proper.

Dated: May 5, 2023.


*(remainder of page intentionally left blank)*

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/  Latasha Scott*
_____
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
LATASHA L. SCOTT, ESQ.
Florida Bar No: 52316
lscott@butler.legal
kbrock@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been furnished to:

> **Annette Del Aguila, Esq.**
> (Fla. Bar No. 40546)
> **Rosie Gil, Esq.**
> (Fla. Bar No. 1018908)
> **Your Insurance Attorney, PLLC.**
> 2601 South Bayshore Drive 18th Floor
> Coconut Grove, FL 33133
> ada@yourinsuranceattorney.com
> yia7@yourinsuranceattorney.com
> nventura@yourinsuranceattorney.com
> eservice@yourinsuranceattorney.com.

by CM/ECF and email on May 5, 2023.

*/s/ Latasha Scott*
_____
Attorney